## FOLSOM *v.* DEWEY.

*Stringfellow* v. *Cain* (99 U. S. 610) affirmed.

APPEAL from the Supreme Court of the Territory of Utah. The facts are stated in the opinion of the court.

Submitted by *Mr. Z. Snow, Mr. E. D. Hoge, Mr. Arthur Brown,* and *Mr. W. N. Dusenberry* for the appellant, and by *Mr. Samuel Shellabarger* and *Mr. Jeremiah M. Wilson* for the appellees.

MR. CHIEF JUSTICE WAITE delivered the opinion of the court.

This case cannot be distinguished in principle from *Stringfellow* v. *Cain,* 99 U. S. 610. The finding is, that the property now claimed by Folsom was sold at public sale on the 11th of March, 1860, to raise money to pay a debt owing by the deceased father of the appellees, who was the original occupant of the premises. The price was five hundred and ten dollars, which was more than the debt. The overplus was paid the mother of the appellees, who were at the time all minors living with her in a house built by the father on an adjoining part of the lot for a residence. The purchaser took possession immediately after the sale, and when the town site was patented under the town-site law, in November, 1871, Folsom, his grantee, had himself been in the actual occupancy of the property for more than ten years, and during that time had made valuable improvements. This, as we think, under the rule in *Stringfellow* v. *Cain,* makes out a case of abandonment on the part of Mrs. Lamareux and her children, and gives Folsom a right to claim title. It is true, the original sale was without the consent of Mrs. Lamareux, but it was with her knowledge. She afterwards took a part of the purchase-money, and suffered Folsom to occupy and improve the property as his own for more than ten years without objection, so far as the findings show. Under these circumstances neither she nor her children can claim that Folsom was in as a trespasser when the title to the town site was secured from the United States for the "use

and benefit of the occupants thereof, according to their respective interests." Folsom was not an intruder on their occupancy, but was himself a lawful occupant.

The evidence satisfies us that the value of the property in dispute is more than $1,000; we, therefore, have jurisdiction.

The judgment against Folsom, who is the only appellant, will be reversed, and the cause remanded with instructions to enter or cause to be entered a judgment in his favor for the premises claimed by him; and it is

*So ordered.*